UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-18-CR-03076-DCG-4 |
| | § | |
| EFRAIN RUIZ, | § | |
| | § | |
| *Defendant (4).* | § | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Efrin Ruiz's "Emergency Motion for Compassionate Release" (ECF No. 316) filed on September 3, 2021.  Therein, Defendant requests the Court to reduce his sentence and order his "compassionate release" from prison pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018).  Defendant states that after he began serving his sentence, his wife Hellan Orona, with whom he had cared for their three minor children, became quadriplegic, and therefore, requests the Court to reduce his sentence to time served.  For the reasons that follow, the motion is denied.

## I.  BACKGROUND

On July 11, 2019, Defendant pleaded guilty to a two-count information.  He was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count One); and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(h) (Count Two).  Defendant committed these offenses between December 2017 and December 2018.

On January 10, 2020, the Court sentenced him to  a prison term of 70 months; based on his conduct and criminal history, the guideline range was 100 to 125 months.  Judgment, ECF

No. 268.  On the same day,  Defendant was taken into custody for service of his sentence.  He is currently at FCI La Tuna and is scheduled for release on November 30, 2023.  As of date, Defendant has served approximately 24 months.  He is now 46 years old.

## II.   DISCUSSION

"The sentence imposed upon a judgment of conviction is generally final and may be modified in only a limited number of narrow circumstances."  *United States v. Ibarra-Alcarez*, 588 F. App'x 345, 346 (5th Cir. 2014).  One of those circumstances is described in 18 U.S.C. § 3582(c)(1)(A), commonly known as the "compassionate release" provision.  "Until the passage of the First Step Act, only the Bureau of Prisons could file a motion for compassionate release." *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021).  In December 2018, "[t]he First Step Act amended Section 3582(c)(1)(A) to allow defendants to file compassionate-release motions after exhausting administrative remedies."  *Id.*  Now, therefore, a district "'court may reduce the term of imprisonment' upon request by an inmate," after the inmate has exhausted administrative remedies.[1]  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (ellipses omitted) (quoting § 3582(c)(1)(A)), *cert. denied*, 141 S. Ct. 920 (2020).  To grant such a request, the court must, "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable," find that, as relevant here, "extraordinary and compelling reasons warrant the reduction."  § 3582(c)(1)(A)(i).  "[C]ompassionate release is discretionary, not mandatory," *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020), and "the burden falls on the defendant to convince the district judge to exercise discretion to grant the [request] for compassionate release," *Ward*, 11 F.4th at 360–361 (cleaned up).

---

[1] The Government here does not dispute that Defendant has exhausted administrative remedies.

"Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction."  *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). According to the commentary to the Sentencing Guidelines' policy statement, U.S.S.G. § 1B1.13 (2018), the "incapacitation of the caregiver of the defendant's minor child or minor children" is such an extraordinary and compelling reason, *id.* cmt. n.1(C)(i);[2] *see also United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.) ("Although not dispositive, the commentary to the United States Sentencing Guidelines . . . § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."), *cert. denied*, 141 S. Ct. 2688 (2021)).[3]  In determining whether a caregiver's incapacitation gives rise to an

---

[2] Defendant relies on the commentary to § 1B1.13, though, it appears, he quotes from a different source or a different version of the Sentencing Guidelines because the language quoted differs to some extent from that the Court cites above.  He states:

> [T]he Sentencing Commission provided in § 1B1.13, Application Note 1 (A)(iii) of the U.S. Sentencing Guidelines specifically that "The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children" constitutes the existence of an extraordinary and compelling reason.

Def.'s Emergency Mot. at 3.  The Court relies on the 2018 version of the Sentencing Guidelines, under which Defendant was sentenced; moreover, the 2021 version of the Guidelines describes the commentary at issue here in identical language.

[3] Section 3582 requires that the reduction "is consistent with *applicable policy statements* issued by the Sentencing Commission." § 3582(c)(1)(A) (emphasis added)).  Section 1B1.13 of the Guidelines states: "The reduction [must be] consistent with *this policy statement*."  U.S.S.G. § 1B1.13(3) (emphasis added)); *see also id.* § 1B1.13 cmt. n.4 ("A reduction under *this policy statement* may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)." (emphasis added)).

Recently, the Fifth Circuit has stated that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582" and that the court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  *Shkambi*, 993 F.3d at 393. The panel went so far as to say that "the policy statement is inapplicable," where, as here, a compassionate motion is filed by a prisoner himself, but not by the Bureau of Prisons.  *Id.* at 389, 392; *cf. United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[W]e hold that 1B1.13 is an applicable policy statement that governs *all* motions under Section 3582(c)(1)(A)." (emphasis added)), *cert. denied*, No. 20-1732, 2021 WL 5763101 (U.S. Dec. 6, 2021).  Here, both parties agree that § 1B1.13 and its commentary are applicable as they rely on, and cite to, them in their briefs.

extraordinary and compelling reason for sentence reduction, some courts seem to require that the defendant is the only *available* caregiver.  *E.g.*, *United States v. Tucker*, No. 3:14-CR-0367-B-84, 2021 WL 977100, at *2 (N.D. Tex. Mar. 15, 2021).

Here, according to an affidavit by Fernando Orona, Ms. Orona's 37-year-old brother (hereinafter referred to as Fernando), who lives in El Paso, Ms. Orona has three children: A.R. (16 years old), D.Q. (14 years old), and E.R. (11 years of age).  Defendant is the biological father of E.R., but not the others; since 2008 (when Defendant and Ms. Orona began their courtship) until Defendant began serving his sentence, Defendant has reared A.R. and D.Q.  *See* PSR at ¶ 73, ECF No. 245.  According to Fernando, since Defendant's incarceration, Ms. Orona was the sole caregiver for the three children.  Fernando Aff. at 2, ECF No. 316-2.  Then, between January and March 2021, Ms. Orona was hospitalized due to Covid-19, and since her release from the hospital, she has remained quadriplegic; she is unable to eat, bathe, and otherwise care for herself and depends on others for such activities.  *Id.* at 1–2.  At this time, Ms. Orona's mother, who has health issues such as diabetes and schizophrenia, cares for Ms. Orona.  *Id.*  Ms. Orona cannot care for the three children, though A.R. has been caring for the two younger children.  *Id.*

As the Government points out, Defendant has not shown that he is the only available caregiver for the children.  Specifically, he has not shown that Fernando cannot take, or help with taking, care of the three children.  The record indicates that Defendant has other family members, PRS at ¶ 70 (Defendant's biological brother, Eduardo, and half-brother Miguel Angel); *id.* at ¶ 74 (Defendant's 27-year-old son from a previous relationship), but Defendant has not shown that any of those family members cannot care for, or help care for, the children.  *See Tucker*, 2021 WL 977100, at *2, *supra*.  Therefore, although the Court is considerably

sympathetic about Ms. Orona's condition, it finds that Defendant has failed to show that his present family circumstances constitute an extraordinary and compelling reason warranting a sentence reduction.

Moreover, even assuming that his family circumstances constitute an extraordinary and compelling reason, consideration of several § 3553(a) factors[4]—in particular (1), (2)(A), 2(B), and 2(C)—counsels against granting Defendant's motion for compassionate release.  Throughout the course of the conspiracy underlying his conviction, Defendant acted as manager/supervisor for the drug trafficking organization.  PSR at ¶ 28.  Between December 2017 and December 2018, he was responsible for hiring drivers, coordinating cocaine deliveries, and coordinating the delivery of drug proceeds.  *Id.*  He was accountable for a total of 11 kilograms of cocaine and $128,995 in drug proceeds.  *Id.*

Moreover, he was previously convicted for multiple drug offenses.  For example, on July 10, 2007, Defendant pled guilty to the offense of possession of marijuana, 50 pounds or more but less than 2,000 pounds, which offense occurred on May 14, 2006, and he was sentenced to 5

---

[4] The § 3553(a) sentencing factors include, *inter alia*:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)–(2).

years of custody. *Id.* at ¶ 55. On October 12, 2011, Defendant pled guilty to the offense of

manufacture or delivery of a controlled substance or intent to manufacture or deliver a controlled

substance, which offense occurred on July 2, 2010, and he was sentenced to 6 years of custody.

*Id.* at ¶ 57. The record also indicates that while he was on probation for committing another drug

offense, he committed additional offenses, including the offense of possession of marijuana, 50

pounds or more but less than 2,000 pounds. *Id.* at ¶¶ 53–57.

     Finally, by now, Defendant has served only about one-third of his full term of

imprisonment, and about 40% of his statutory term of imprisonment (factoring in his good term

conduct). Releasing him would defeat the purpose of "promot[ing] respect for the law, and . . .

provid[ing] just punishment for the offense[s]" of which Defendant was convicted. 18 U.S.C. §

3553(a)(2)(B).

     In sum, considering Defendant's family circumstances in light of the relevant § 3553(a)

factors set forth above, the Court concludes that Defendant's request for reduction of sentence

and compassionate release should be denied.

### III.   CONCLUSION

     For the foregoing reasons, **IT IS ORDERED** that Defendant Efrin Ruiz's "Emergency

Motion for Compassionate Release" (ECF No. 316) is **DENIED**.

     **So ORDERED and SIGNED this __10th__ day of December 2021.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**